**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID PIPPIN, *on behalf of*
*himself and all others similarly*
*situated*,

        Case No.:

       Plaintiff,

v.                  6:14-cv-1591-Orl-31KRS

TJEM, INC. d/b/a CHECKCARE d/b/a    **CLASS**
CHECKCARE SYSTEMS,         **REPRESENTATION**
*a Florida for-profit corporation*,    **(Unlawful Debt**
and THE CHEKCARE GROUP, LLC,    **Collection Practice)**
*a foreign limited liability company*,

       Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, DAVID PIPPIN (hereinafter, "Plaintiff"), by and

through the undersigned counsel, on behalf of himself and all others similarly situated,

and sues Defendant, TJEM, INC. d/b/a CHECKCARE d/b/a CHECKCARE SYSTEMS,

(hereinafter, "TJEM") and THE CHECKCARE GROUP, LLC (hereinafter, "TCG")

(hereinafter collectively, "Defendants") and alleges:

## INTRODUCTION

1.    This is a class action brought pursuant to Rule 23, Federal Rules of Civil

Procedure, against Defendants for its routine and systematic violations of the Fair Debt

Collection Practices Act, 15 United States Code, Section 1692 ("FDCPA") and the

Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes ("FCCPA").

2.    Specifically, Defendants routinely and systematically attempt to collect

consumer debts via an unlawful form debt collection letter (hereinafter, "Debt Collection

Letter"), a true and correct copy of which is attached hereto as **Exhibit "A1-A2."**  The form Debt Collection Letter:

    a.  improperly and illegally uses false, deceptive, or misleading representations or means to collect consumer debts in violation of the FDCPA, Sections 1692e, 1692e(2)A, 1692f, and 1692f(1), and the FCCPA Section 559.72(9);

    b.  overshadows and contradicts Plaintiff's and Class Members' required verification and validation in violation of the FDCPA, Section 1692g(b);

    c.  impermissibly misstates and truncates Plaintiff's and Class Members' validation and verification rights under FDCPA, Section 1692g(a) and the FCCPA Section 559.72(9);

    d.  attempts to enforce a debt that Defendants know is not legitimate; specifically, by demanding payment of an amount in excess of the amount which Defendants are lawfully entitled to collect, in violation of Section 559.72(9) of the FCCPA and the FCCPA Section 559.72(9); and

    e.  asserts the existence of a right that Defendants know does not exist; namely, by falsely representing the amount of the debt and/or attempting to collect a debt that is, in part, is not expressly authorized by the agreement creating the debt or permitted by law, as prohibited by Section 559.72(9) of the FCCPA.

    3.    Defendants' actions impose requirements on Plaintiff beyond those required by the FDCPA, thus unlawfully limiting consumers' rights under that Act.

## PARTIES, JURISDICTION & VENUE

4.      At all times material, Plaintiff is and was a resident of the State of Florida, residing in Seminole County.

5.      The FDCPA and FCCPA violations at issue in this action occurred in Seminole County, Florida, thereby conferring jurisdiction on the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 15 United States Code, Section 1692k(d), 28 United States Code, Section 1337.

6.      Venue in this District is proper because Plaintiff resides here and because Defendants mailed the form Debt Collection Letters, as hereinafter defined, to Plaintiff and to consumers in this District.

7.      This Court has personal jurisdiction over Defendants because Defendants sent Plaintiff the form Debt Collection Letter to an address and regarding a property located in Seminole County, Florida.

8.      Other putative Class Members throughout the State of Florida and Seminole County also received the form Debt Collection Letter from Defendants.

9.      Defendant TCG is a limited liability company, existing under the laws of the State of Delaware that, itself and through is franchisees and representatives, regularly licenses its intellectual property to its franchisees, and itself indirectly collects debt allegedly owed to another through said franchisees within Seminole County, Florida, and throughout the State of Florida.

10.     Defendant TJEM is a for-profit corporation, existing under the laws of the State of Florida that, itself and through its employees and representatives, regularly collects debts allegedly owed to another within Seminole County, Florida, and

throughout the State of Florida.  Defendant TJEM is a franchisee of Defendant TCG in Florida.

11.     Any necessary conditions precedent to the bringing of this action have either occurred or have been excused by the Defendants.

## REPRESENTATIVE'S ALLEGATIONS

12.     Defendants are each a "debt collector," as that term is defined by the FDCPA, 15 United States Code, Section 1692a(6), and the FCCPA, Section 559.55(6).

13.     Defendants are each a "person," pursuant to Florida Statutes, Section 559.55(3), and are therefore subject to the FCCPA and prohibited from undertaking any actions described in Florida Statutes, Section 559.72.

14.     Defendants used interstate mail while engaging in a business the principal purpose of which is the collection of consumer debts allegedly due another.  Defendants are also entities who regularly collect or attempt to directly or indirectly collect consumer debts owed or due, or asserted to be owed or due, another.

15.     Plaintiff is a "debtor" or "consumer," as those terms are defined by the FCCPA, Section 559.55(2), and the FDCPA, Section 1692a(3).

16.     Defendants' conduct, complained of below, qualifies as "communication," as that term is defined by the FCCPA, Section 559.55(5), and the FDCPA, Section 1692a(2).

17.     Defendants acted by themselves, or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, franchisees, and insurers.

18.     Defendant TCG is a national network of franchised and corporate offices offering check processing services, including "check guarantee services," which guarantees full payment of consumer checks in exchange for an annual, flat-rate fee.

19.     Defendant TCG licenses its registered trademarks and slogans, namely "CheckCare®" and "Converting Transactions Into Profits.  Guaranteed." to franchisees, such as Defendant TJEM, for use in conducting debt collection and check guarantee business throughout the State of Florida.

20.     Defendant TCG's franchisees, such as Defendant TJEM, enter into agreements with clients, wherein the franchisee agrees to reimburse the client at full face value for all checks returned by a financial institution for insufficient funds.  In turn, the client assigns all rights in the returned check to Defendant TCG's franchisee.

21.     Defendant TCG provides its franchisees, such as Defendant TJEM, letters like the form Debt Collection Letter, to use in their efforts to collect debts from consumers.

22.     During the relevant times, Defendant TJEM was party to an agreement with the City of Casselberry Utilities Department (the "City"), for the purpose of providing the City with check guarantee services.

23.     On or about October 10, 2013, Plaintiff issued a check, in good faith, to the City for his water bill, in the amount of $213.25 (hereinafter, "Plaintiff's Check").

24.     The account from which Plaintiff's Check was drawn had insufficient funds, and as such, Defendant TJEM paid the City $213.25 pursuant to their check guarantee services agreement.

25.     During the relevant times, Defendants attempted to collect a consumer debt; specifically, the $213.25 balance of Plaintiff's Check, together with certain collection costs and statutory service charges, referenced by an account number ending in -40000 (hereinafter, the "Debt").

26.     Defendants obtained the Debt after it was in default, and at all times herein, collected the Debt after it was in default.

27.     Defendants routinely and systematically attempted to collect consumer debts from Plaintiff and Class Members through the use of the form Debt Collection Letter.

28.     The Debt was a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

### Defendant's Form Debt Collection Letter

29.     On or about October 29, 2013, Defendants sent Plaintiff a form Debt Collection Letter in an attempt to collect the Debt.  *See* **Exhibit A1-A2**.

30.     The form Debt Collection Letter was Defendants' initial communication with Plaintiff in an attempt to collect the Debt.

31.     The form Debt Collection Letter was Defendants' initial communication in connection with the collection of the Debt from Plaintiff.

32.     The form Debt Collection Letter asserts a customer number, a balance due, and includes a detachable payment coupon with instructions for Plaintiff to make payment on the Debt.

33.     Defendants' form Debt Collection Letter violates the FDCPA because it uses false, deceptive, or misleading representations or means to collect consumer debts

6

and contains language that overshadows or is inconsistent with the validation and verification notices required under 15 United States Code, Section 1692g(a) and in violation of Section 1692g(b), including but not limited to the following:

    a.   The bottom of the form Debt Collection Letter contained a detachable payment coupon, requesting immediate payment of the Debt.

    b.   The form Debt Collection Letter also contained language advising Plaintiff that he had five (5) days to submit payment.

    c.   The form Debt Collection Letter further stated that if Plaintiff's payment was not received within five (5) days, an account administrator would be contacting Plaintiff regarding the past-due Debt.

    d.   The form Debt Collection Letter contained the following language in the upper right-hand corner: "**Please See The Reverse Side Of This Statement For Important Consumer Information**."

    e.   Buried within the text on the reverse side of the form Debt Collection Letter, Defendants attempted to provide Plaintiff with the validation and verification notice as required by 15 United States Code, Section 1692g(a). The front of the form Debt Collection Letter, however, contained ample space for the validation and verification notice.

    f.   Furthermore, the reverse side of the form Debt Collection Letter contained a box located in the middle of the page (notably *above* the FDCPA-required validation and verification notice), which was labeled, "IMPORTANT FRB REGULATION E NOTICE REGARDING

REPRESENTMENT OF CHECKS."   The box contained the following language:

> CHECKCARE reserves the right to electronically process your returned check and any service charges and fees associated with it for payment. CHECKCARE will <u>not</u> take this action without giving you the chance to contact us first. If, however, you do not contact us with ten (10) days from the date of this notice, CHECKCARE may, at its discretion, process, <u>first</u> the face value of the check for payment and, upon notice of payment, process a second electronic debt for the service charges and fees. . . . <u>If you do not want CHECKCARE to take this action, we request that you contact us immediately upon receipt of this notice to make alternate arrangements for payment of the returned item(s) and charges</u>.   **Please note that the FRB Regulation E does not require the ten (10) day grace period described above.   This is something that CHECKCARE has implemented to enhance your customer experience.**

g.   Asserts to Plaintiff that he must dispute the Debt "within thirty days," rather than within thirty days *of receipt* of the form Debt Collection Letter, thereby impermissibly shortening the period of time for Plaintiff and Class Members to assert their rights under the FDCPA.

h.   Asserts to Plaintiff that he must notify Defendants of his desire to verify the Debt in writing "within thirty days," rather than within thirty *days of receipt* of the form Debt Collection Letter, thereby impermissibly shortening the period of time for the Plaintiff and Class Members to assert their rights under the FDCPA.

i.   Asserts to Plaintiff that a request for the name and address of the original creditor, if different from the current creditor, must be made in writing "within thirty days," rather than within thirty days

*of receipt* of the form Debt Collection Letter, thereby impermissibly shortening the period of time for the Plaintiff and Class Members to assert their rights under the FDCPA.

j.  Moreover, by using the foregoing language in the form Debt Collection Letter, Defendants have asserted the existence of a legal right that they know does not exist in violation of Section 559.72(9) of the FCCPA.

34.  Additionally, Defendants' form Debt Collection Letter violates the FDCPA and the FCCPA because it demands payment for an amount in excess of the amount to which Defendants were legally entitled to demand from Plaintiff and Class Members.

56.  Specifically, Plaintiff owed the City $213.25 for his water bill.  On or about October 29, 2013, Defendants sent Plaintiff the form Debt Collection Letter, which demanded payment of $260.75—a $47.50 increase in price from the original water bill.

57.  The form Debt Collection Letter stated that Defendants would charge a collection cost fee between $7.50 and $10.00 based on account age.

58.  Further, the form Debt Collection Letter stated that Defendants would charge a service charge pursuant to Florida Statutes, Section 832.062(4)(a), which permits the imposition of a fee of up to $30.00 on an insufficient funds check with a face value between $50 and $300.

59.  Based upon the permissible collection costs fee of $7.50 to $10.00 and the statutory service charge of $30.00, Defendants could only charge Plaintiff additional costs and fees between $37.50 and $40.00.

60.     Therefore, by demanding payment of fees in the amount of $47.50, Defendants attempted to collect at least $7.50 to $10.00 in excess of the amount of the Debt which Defendants were legally entitled to demand.

35.     On or about October 31, 2013, Plaintiff satisfied the Debt by paying $260.75 to Defendant TJEM.[1]

36.     Defendants' conduct, as described herein, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under FDCPA and FCCPA.

37.     Given Defendants' conduct and their apparent intention and ability to continue to collect the Debt directly from Plaintiff using the form Debt Collection Letter in violation of said debt collection laws, Plaintiff has no adequate remedy at law.

38.     Plaintiff has retained LeavenLaw as counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

## CLASS ACTION ALLEGATIONS

39.     Pursuant to 23(a) and 23(b)(3), Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and all others, constituting a class defined as:

> All consumer debtors to whom Defendants sent a collection letter in an attempt to collect a debt with language that makes false, deceptive, or misleading representations or means, and/or does not provide the complete, required validation and verification notices, and contains language that overshadows the required validation and verification notices, in the same form, substance, or improper purpose as the form Debt Collection Letter attached as **Exhibit A1-A2**, to an address in Florida within a one-year period of time prior to the filing of this Complaint up through and

---

[1]Despite the representation in the form Debt Collection Letter allowing Plaintiff five (5) days for payment of the debt, and despite Plaintiff's satisfaction of the Debt within that time frame, the City shut off Plaintiff's water on October 31, 2013.  Plaintiff had to pay an additional $70.00 to the City to restore the water supply to his home.

including the present date (hereinafter, "FDCPA Class Members" or "FDCPA Class").

40. Further, Plaintiff defines a sub-class as follows:

All consumer debtors who were part of the FDCPA Class, as defined immediately above, and who incurred out-of-pocket expense (i.e., actual damages), including payment of improperly assessed fees, within the one-year period of time prior to the filing of the original Complaint up through and including the present date (hereinafter, "FDCPA Sub-Class Members" or "FDCPA Sub-Class").

41. Additionally, pursuant to 23(a), 23(b)(2), and 23(b)(3), Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and all others, constituting a class defined as:

All consumer debtors to whom Defendants sent a collection letter in an attempt to collect a debt with language that makes false, deceptive, or misleading representations or means, and/or does not provide the complete, required validation and verification notices, and contains language that overshadows the required validation and verification notices, in the same form, substance, or improper purpose as the form Debt Collection Letter attached as **Exhibit A1-A2**, to an address in Florida within a two-year period of time prior to the filing of this Complaint up through and including the present date (hereinafter, "FCCPA Class Members" or "FCCPA Class").

42. Further, Plaintiff defines a second sub-class as follows:

All consumer debtors who were part of the FCCPA Class, as defined immediately above, and who incurred out-of-pocket expense (i.e., actual damages), including payment of improperly assessed fees, within the two-year period of time prior to the filing of the original Complaint up through and including the present date (hereinafter, "FCCPA Sub-Class Members" or "FCCPA Sub-Class").

43. Hereinafter, the FDCPA Class Members, the FDCPA Class, the FDCPA Sub-Class Members, the FDCPA Sub-Class, the FCCPA Class Members, the FCCPA

Class, the FCCPA Sub-Class Members, and the FCCPA Sub-Class shall be collectively referred to as "Class Members" or "Classes," where appropriate.

44.     Excluded from the Classes are all directors, officers, agents, and employees of Defendant and the courts to which this case may be assigned.

45.     All recipients of the form Debt Collection Letter, namely the Class Members, are victims of the same improper and unlawful demands of Defendants.

46.     The number of potential Class Members is undetermined at this time, but can readily be determined from Defendants' records.  In light of the number of consumer debts Defendants collect throughout the State of Florida, each Class most likely has hundreds, if not thousands, of members.[2]

47.     The form Debt Collection Letter uses false, deceptive, and misleading representations and means in the collection of Plaintiff's and Class Members' respective debts by placing more stringent limitations on Plaintiff's and Class Members' validation and verification rights, as enumerated under 15 United States Code, Section 1692g(a).

48.     Further, the form Debt Collection Letter contains language and formatting that overshadows and is inconsistent with the required validation and verification notices pursuant to 15 United States Code, Section 1692g(a) and g(b).

49.     This action is properly brought as a class action under Rule 23, Federal Rules of Civil Procedure, for the following reasons:

    a.     The Class consists of hundreds, if not thousands, of persons so

---

[2]*See* http://www.checkcare.com/franchise/fl.html (last visited on June 22, 2014), a true and correct copy of which is attached as **Exhibit "B1-B2,"** wherein Defendant TCG represents that Defendant TJEM is the only franchisee responsible for guaranty service and debt collection for all bounced checks of Checkcare's clients the state of Florida; *see also* Defendant TJEM's Florida Department of State, Division of Corporations, corporate (last visited on June 22, 2014) and fictitious name (last visited on September 23, 2014) registrations, which is attached as **Exhibits "C1-C3,"** showing Defendant TJEM's address as the address listed on Defendant TCG franshisee page, **Exhibit B2**.

numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.      There are questions of law and fact common to all Class Members relating to Defendants' actions relative to the form Debt Collection Letter, which questions predominate over any question affecting only individual Class Members, including:

i.      Whether Defendants' form Debt Collection Letter uses false, deceptive, or misleading representations or means by using the Debt Collection Letter, which contains both the 1692g(a) validation and verification notice and language that places more stringent limitations and more immediate demands on Plaintiff's and Class Members' validation and verification rights;

ii.      Whether Defendants violate section 1692g(b) of the FDCPA through its use of the form Debt Collection Letter, which contains language and formatting that overshadows or is inconsistent with the disclosure of consumers' rights under section 1692g(a);

iii.      Whether Defendants' form Debt Collection Letter makes false, deceptive or misleading representations in attempting to collect the Debt;

iv.      Whether Defendants' form Debt Collection Letter attempts to collect an illegitimate debt in violation of Section 559.72(9), Florida Statutes;

v.      Whether Defendants' form Debt Collection Letter asserts the existence of a legal right that Defendants knew did not exist in violation of Section 559.72(9), Florida Statutes;

vi.      Whether Plaintiff and Class Members are entitled to statutory damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

vii.      Whether Plaintiff and Class Members are entitled to actual damages as a result of Defendants' unlawful debt collection practices described herein and in what amount;

viii.      Whether Plaintiff and Class Members are entitled to declaratory and injunctive relief pursuant to the FCCPA;

ix.      Whether Plaintiff and Class Members are entitled to costs and attorneys' fees, and if so, in what amount.

50.      Defendants have acted, or refused to act, on grounds generally applicable to Class Members in that they have engaged in a routine and systematic course of conduct, namely the utilization of the form Debt Collection Letter which uses false, misleading or deceptive representations or means in its attempts to collect debts, asserts the existence of rights Defendants knew did not exist, attempts to collect, in part, illegitimate debts, and contradicts and overshadows the required validation and verification notices.

51.      Plaintiff's claims are typical of the claims of the proposed Class Members, given the uniform nature and use of the form Debt Collection Letter and the common legal and factual issues of whether the drafting and sending of the form Debt Collection

14

Letter violates the FDCPA and/or FCCPA.

52.     More specifically, the form Debt Collection Letter must be analyzed to assess whether it contains language that is false, deceptive, or misleading and overshadows or is inconsistent with the disclosure of Plaintiff's and Class Members' rights under the FDCPA.

53.     Additionally, the form Debt Collection Letter must be analyzed to assess whether it seeks to collect an illegitimately inflated debt in violation of the FDCPA and FCCPA.

54.     Plaintiff is a member of the Class and is committed to prosecuting this action.  Plaintiff has gathered and reviewed all relevant documents necessary for filing this case and has and will continue to proactively participate in this class litigation, thoroughly reviewing documents, asking questions and following the counsel of his lawyers for the benefit of the Classes he seeks to represent.  Plaintiff will fairly and adequately protect the interests of Class Members.  Further, Plaintiff does not have any interest antagonistic to that of the Class Members.

55.     Adjudication of this case on a class-wide basis is manageable by this Court.  The form Debt Collection Letter was received by Plaintiff and Class Members throughout the State of Florida.  The form Debt Collection Letter, and Plaintiff's and Class Members' rights as they relate to the letters, are the same or are so similar as to be legally and factually indistinguishable in all material aspects.  As a result, it will not be difficult for the Court or jury to determine whether Defendants have violated the FDCPA and/or FCCPA.  This Court is an appropriate forum for this dispute.

56.     Plaintiff has retained as counsel attorneys who are competent and

experienced in consumer, class action, and complex litigation.   More specifically, Plaintiff has retained a firm whose members have specific experience in certifying class actions at the trial court level, defending certified classes on appeal, assisting class representatives with all aspect of class action litigation, and include a partner board certified in consumer law.   Plaintiff's counsel will fairly and adequately represent Plaintiff and the interests of the Class Members.

57.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a.   given the size of the proposed classes, individual joinder of each Class Member's FDCPA and FCCPA claims is impracticable;

b.   given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their state and federal rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

c.   when Defendants' liability has been adjudicated, claims of all Class Members can be determined by the Court;

d.   this action will cause an orderly and expeditious administration of Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured;

e.   other available means of adjudicating the claims of Plaintiff and Class Members—such as hundreds or thousands of individual actions brought separately and pursued independently in courts throughout the State of Florida—

16

are impracticable and inefficient;

  f. without a class action, Class Members will continue to suffer damages and the violations of law by Defendants will proceed without remedy while they continue their illegal debt collection activities; and

  g. this action presents no difficulties that would preclude management by the Court as a class action.

  58. In an individual action, 15 United States Code, Section 1692k provides for actual damages and an award of up to $1,000.00 statutory damages for Plaintiff.

  59. In a class action, 15 United States Code, Section 1692k provides such amount as the court may allow for all other Class Members, without regard to minimum individual recovery or actual damages, up to the lesser of $500,000 or 1 percent of Defendants' net worth, as well as an award of attorneys' fees and costs should Plaintiff prevail in this matter.

  60. In an individual action, Florida Statute Section 559.77(2) provides for an award of actual damages and for additional statutory damages, up to $1,000.00, together with court costs and reasonable attorneys' fees incurred by Plaintiff.

  61. In a class action, Florida Statute Section 559.77(2) provides for punitive damages, injunctive relief, reasonable attorneys' fees and costs, and additional statutory damages of up to $1,000 for Plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the Defendants' net worth for all remaining Class Members; however, the aggregate award may not provide an individual Class Member with additional statutory damages in excess of $1,000.

**COUNT ONE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692e and e(10)**

Plaintiff re-alleges paragraphs one (1) through sixty-one (61) as if fully restated herein and further states as follows:

62.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Sections 1692e and e(10) by using false, deceptive, or misleading means or representations in attempting to collect the consumer Debts.

63.     "[I]t is well established that [a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir. 1996)).

64.     "Conditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." *Gonzales*, 660 F.3d at 1063; *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1196 (11th Cir. 2010).

65.     Defendants' form Debt Collection Letter contained a detachable payment coupon, intimating immediate payment of the Debt.

66.     Additionally, the form Debt Collection Letter advised Plaintiff and the Class Members that they had only five (5) days to submit payment on their debts before an account administrator would contact them, with further consequences as a result of Plaintiff's and Class Members' non-payment of their debts.

67.     The reverse side of the form Debt Collection Letter contained language notifying Plaintiff and Class Members that if they did not contact Defendants within ten (10) days from the date of this notice regarding the returned check, Defendants could automatically process the check and corresponding service charges.  Plaintiff and Class Members were further notified that they had to contact Defendants "immediately upon receipt of this notice to make alternate payment arrangements for payment" of their debts. *See* **Exhibit A2** (emphasis in original).

68.     The reverse side of the form Debt Collection Letter also contained an incomplete and faulty validation and verification notice, providing its recipients with thirty (30) days to dispute the validity of the Debt.

69.     Defendants buried said notice within the text on the reverse side of the form Debt Collection Letter, despite having ample space on the front of the Debt Collection Letter.

70.     The least-sophisticated consumer, reading the form Debt Collection Letter as a whole, would be confused as to whether he must remit payment within five (5) days of receipt of the Debt Collection Letter, must contact Defendants immediately to make alternate payment arrangements, or whether he is permitted to assert his dispute rights within thirty (30) days, as expressed in the validation notice that is buried on the back of the form Debt Collection Letter.

71.     The form Debt Collection Letter recipient would also not understand how long he or she has to dispute the validity of the alleged debt, request verification of the same, and request the name of the original creditor—within thirty (30) days from the date of the form Debt Collection Letter or within thirty (30) days from its receipt.

72.     In short, Defendants' ambiguous and misleading representations would "frustrate a consumer's ability to intelligently choose his or her response." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).

73.     Defendants have therefore violated 15 United States Code, Section 1692e and e(10) by using false, deceptive, or misleading representations or means in connection the collection of a consumer debt.

74.     As a direct and proximate result of Defendants' actions, Plaintiff and Class members have sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT TWO:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692g(a)**

Plaintiff re-alleges paragraphs one (1) through sixty-one (61) as if fully restated herein and further states as follows:

75.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692g(a) by failing to send a written notice to Plaintiff and Class Members within five (5) days of Defendants' initial communication (i.e., the form Debt Collection Letter) that contained: (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty days *after receipt* of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (5) a statement that, upon the

consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

76.     Defendants' form Debt Collection Letter impermissibly shortens the amount of time Plaintiff and Class Members have to both dispute the validity of the debt, to request verification of the debt, and to request information regarding the original creditor.

77.     Specifically, Defendants' form Debt Collection Letter advises Plaintiff and Class Members that they have thirty days to dispute the validity of the debt or any portion thereof.  The letter states, "Unless, within thirty days, you dispute the validity of the debt or any portion thereof, we will assume this debt is valid."  *See* **Exhibit A2**.

78.     Defendants' form Debt Collection Letter fails to advise Plaintiff and Class Members that they have thirty days *from receipt* of the form Debt Collection Letter to dispute the validity of their debts, request verification, and request information regarding the original creditor.

79.     Defendants shorten the amount of time Plaintiff and Class Members can dispute the validity of their debts by, at a minimum, mail time, namely the amount of time between the date the letter and Plaintiff's and Class Members' actual receipt of the form Debt Collection Letter.

80.     As a direct and proximate result of Defendants' actions, Plaintiff and Class Members have sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692g(b)**

Plaintiff re-alleges paragraphs one (1) through sixty-one (61) as if fully restated herein and further states as follows:

81.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692g(b) by communicating with the consumer in a manner which overshadows or is inconsistent with the disclosure of the consumer's rights under section 1692g(a).

82.     Defendants' form Debt Collection Letter contained a detachable payment coupon, intimating Defendants' request for payment of the debt.

83.     Additionally, the form Debt Collection Letter advised Plaintiff and Class Members that they had only five (5) days to submit payment on their debts before an account administrator would contact Plaintiff and Class Members.

84.     Further, the reverse side of the form Debt Collection Letter contained language notifying Plaintiff and Class Members that if they did not contact Defendants within ten (10) days regarding a returned check, Defendants could automatically process the check and corresponding service charges.  Plaintiff and Class Members were further notified that they had to contact Defendants <u>immediately</u> to make alternate payment arrangements.

85.     Finally, the reverse side of the form Debt Collection Letter also contained an incomplete and unlawful validation and verification notice—a notice required by the FDCPA, 15 United States Code, Section 1692g(a).

86.     Defendants, however, buried said notice within the text on the reverse side

of the form Debt Collection Letter—beneath multiple explicit requests for payment of the Debt—despite having ample space on the front of the form Debt Collection Letter to give Plaintiff and Class Members a complete, accurate validation and verification notice.

87.     The juxtaposition of Defendants' inconsistent statements—that Plaintiff and Class Members have a limited time to submit payment and/or immediately make alternate payment arrangements versus Plaintiff's and Class Members' approximately thirty (30) days to notify Defendants if they dispute the validity of the Debt—leaves the least-sophisticated consumer uncertain as to his or her rights.

88.     As a result, the exigency and immediacy of Defendants' statements contradict and overshadow Plaintiff's and Class Members' validation and verification rights.

89.     Defendants have therefore violated 15 United States Code, Section 1692g(b) by making statements inconsistent with—and overshadowing—the disclosures required by 15 Untied States Code, Section 1692g(a) in its initial communication to the consumer.

90.     As a direct and proximate result of Defendants' actions, Plaintiff and Class Members have sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT FOUR:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692e(2)(A)**

Plaintiff re-alleges paragraphs one (1) through sixty-one (61) as if fully restated herein and further states as follows:

91.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692e(2)(A), by falsely representing the amount of the debts

allegedly owed by Plaintiff and Class Members.

92.     Specifically, the form Debt Collection Letter falsely represents the total amount of Plaintiff's and Class Members' respective debts, by including fees in excess of the amount that is lawfully owed, in an attempt to deceive and mislead Plaintiff and Class Members into paying more than is actually owed on their respective debts.

93.     The act of including excess, unsubstantiated fees increased the total amount due from Plaintiff and Class Members by approximately $7.50 to $10.00, at a minimum, and thereby increased the debt demanded and/or collected from Plaintiff and Class Members.

94.     As a direct and proximate result of Defendants' actions, Plaintiff and Class Members have sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT FIVE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**<u>VIOLATION OF 15 U.S.C., SECTION 1692f and 1692f(1)</u>**

Plaintiff re-alleges paragraphs one (1) through sixty-one (61), as if fully restated herein and further states as follows:

95.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692f and 1692f(1), by using unfair or unconscionable means to collect or attempt to collect a debt, including attempting to collect an amount (including interest, fees, charges, or expenses incidental to the principle obligation) not expressly authorized by the agreement creating the debt or otherwise permitted by law.

80.     Defendants knowingly attempted to collect an illegitimately inflated debt from Plaintiff and Class Members, which is strictly prohibited by Florida Statutes, Section 832.062(4)(a).

96.     Specifically, Defendants intentionally included excess fees in the amount due (i.e., the debt) demanded from Plaintiff and Class Members in the form Debt Collection Letter

97.     The act of including excess, unsubstantiated fees increased the total amount due by approximately $7.50 to $10.00, and thereby increased the debt demanded and/or collected from Plaintiff and Class Members.

98.     The increase in the debt collected from Plaintiff and Class Members, individuals that Defendants knew were already behind on payments and in financially vulnerable positions, was unlawful and not authorized by contract or law.

99.     As a direct and proximate result of Defendants' actions, Plaintiff and Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.

## COUNT SIX:
## DECLARATORY AND INJUNCTIVE RELIEF
## <u>VIOLATIONS OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT</u>

Plaintiff re-alleges paragraphs one (1) through sixty-one (61), as if fully restated herein and further states as follows:

100.    Plaintiff, for himself and Class Members, pursuant to Florida Statutes, Section 559.77(2), seeks a declaration that the above-described practices of Defendants, namely the use of the form Debt Collection Letter in collecting consumer debts, violates the FCCPA, and further requests an injunction against such further practices by Defendants.

101.    This count seeks a determination as to the rights, status, and legal relationships of the parties relating to Defendants' practices in utilizing communications such as the form Debt Collection Letter, attached as **Exhibit A1-A2**.

102.     This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86, Florida Statutes, and Section 559.77(2) of the FCCPA.

103.     By virtue of the facts recited above, an actual, justiciable controversy exists between the parties relating to their legal rights and duties stemming from the usage and effect of the form Debt Collection Letter on Plaintiff and Class Members, which violated the provisions of Section 559.72(9) of the FCCPA by: (a) attempting to enforce a debt Defendants knew was not legitimate; and (b) asserting the existence of a legal right with knowledge that such right does not exist.

104.     Specifically, Defendants, in the form Debt Collection Letter, attempted to enforce a debt Defendants knew was not legitimate by including in the amount due excess fees that were not legitimately due and owing from Plaintiff or Class Members under contract or law, unlawfully increasing the respective debts by approximately $7.50 to $10.00, at a minimum.

105.     Additionally, Defendants, in the form Debt Collection Letter, asserted the existence of a legal right with knowledge that it did not exist in direct contradiction to Plaintiff's and Class Members' validation and verification rights under Section 1692g(a) of the FDCPA by:

> (a) impermissibly shortening the amount of time that Plaintiff and Class Members have to dispute the validity of the debt, request verification of the debt, and request information regarding the original creditor, to thirty (30) days from the date of the Debt Collection Letter instead of thirty (30) days from *its receipt*;

26

(b) contradicting and overshadowing the consumer's rights under section 1692g(a) by advising Plaintiff and Class Members that they had only five (5) days to submit payment on their debts before an account administrator would contact Plaintiff and Class Members;

(c) contradicting and overshadowing the consumer's rights under section 1692g(a) by advising Plaintiff and Class Members that if they did not contact Defendants within ten (10) days, Defendants could automatically process the check and corresponding service charges, and that they must contact Defendants immediately to make alternate payment arrangements; and

(d) burying an incomplete and unlawful validation and verification notice required by Section 1692g(a) of the FDCPA on within the text on the reverse side of the form Debt Collection Letter, despite having ample space on the front of the letter to give Plaintiff and Class Members a complete, accurate notice.

106.    Debt collection of this type, namely the use of the form Debt Collection Letter, is unlawful and violates the FCCPA.

107.    For the protection of Florida's residents, consumer debtors, and property owners who may be subject to the same improper debt collection practices in the future, injunctive relief preventing additional instances of the same conduct is required.

**COUNT SEVEN:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through sixty-one (61), as if fully restated

herein and further states as follows:

108.    Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(9) by collecting debts from Plaintiff and Class Members by (a) attempting to enforce a debt Defendants knew was not legitimate; and/or (b) asserting the existence of a legal right with knowledge that such right does not exist.

109.    Specifically, Defendants, in the form Debt Collection Letter, attempted to enforce a debt Defendants knew was not legitimate by including in the amount due excess fees that were not legitimately due and owing from Plaintiff or Class Members under contract or law, unlawfully increasing the respective debts by approximately $7.50 to $10.00, at a minimum.

110.    Additionally, Defendants, in the form Debt Collection Letter, asserted the existence of a legal right with knowledge that it did not exist in direct contradiction to Plaintiff's and Class Members' validation and verification rights under Section 1692g(a) of the FDCPA when they expressly asserted they had the ability and right to limit Plaintiff's and Class Members' time to dispute their respective debts to thirty (30) days. These assertions more specifically:

> (a) impermissibly shorten the amount of time that Plaintiff and Class Members have to dispute the validity of the debt, request verification of the debt, and request information regarding the original creditor, to thirty (30) days from the date of the Debt Collection Letter instead of thirty (30) days from *its receipt*;
>
> (b) contradict the consumer's rights under section 1692g(a) by advising Plaintiff and Class Members that they had only five (5) days to submit

payment on their debts before an account administrator would contact Plaintiff and Class Members;

(c) contradict the consumer's rights under section 1692g(a) by advising Plaintiff and Class Members that if they did not contact Defendants within ten (10) days, Defendants could automatically process the check and corresponding service charges, and that they must contact Defendants <u>immediately</u> to make alternate payment arrangements; and

111.   As a direct and proximate result of Defendant's actions, Plaintiff and Class Members have sustained damages as defined by Florida Statutes, Section 559.77.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, as a direct and proximate result of Defendants' actions and conduct, Plaintiff and Class Members respectfully request relief and a judgment:

a.   Declaring that this lawsuit is properly maintainable as a class action, certifying Plaintiff as representative of the Classes, an order certifying the Classes requested herein, and appointing undersigned counsel as attorneys for the Classes;

b.   Declaring that Defendants' form Debt Collection Letter violates the FDCPA;

c.   Declaring that the form Debt Collection Letter violates the FCCPA;

d.   Awarding maximum statutory damages allowed under the FDCPA;

e.   Awarding maximum statutory damages allowed under the FCCPA;

f.   Awarding Plaintiff and Class Members their actual damages

against Defendants in an amount to be determined at trial as a result of Defendants' violations of the FDCPA;

g.     Awarding Plaintiff and Class Members their actual damages against Defendants in an amount to be determined at trial as a result of Defendants' violations of the FCCPA;

h.     Entering an injunction against Defendants from further engaging in the same debt collection activities in violation of the FCCPA, namely the continued use of the form Debt Collection Letters;

i.     Awarding Plaintiff and Class Members reasonable attorneys' fees and costs; and

e.     Granting such further relief the Court may deem just and proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

Plaintiff and Class Members hereby demand a trial by jury on all issues triable by right.

Respectfully submitted,

**LEAVENLAW**

/s/ *Ian R. Leavengood*
**Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**Aaron M. Swift, Esq., FBN 0093088**
**G. Tyler Bannon, Esq., FBN 0105718**
Northeast Professional Center
3900 First Street North, Suite 100

St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
*Attorneys for Plaintiff and Class Members*