# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DAVID PIPPIN, an individual,
on behalf of himself and all
others similarly situated,

                                            Case No.: 6:14-cv-1591-GAP-KRS

      Plaintiff,

v.

TJEM, INC. d/b/a CHECKCARE d/b/a
CHECKCARE SYSTEMS,
a Florida for-profit corporation, and
THE CHECKCARE GROUP, LLC,
a foreign limited liability company,

      Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendants TJEM, INC. d/b/a CHECKCARE d/b/a CHECKCARE SYSTEMS ("TJEM") and THE CHECKCARE GROUP, LLC, ("TCG") (jointly, "Defendants"), by and through its undersigned counsel, and hereby responds to Plaintiff's Amended Complaint as follows:

1. Admitted that Plaintiff seeks relief under the named statutes but denied that Plaintiff is entitled to any relief thereunder.

2. Admitted only that Exhibit "A1-A2" is a copy of a letter sent by TJEM; otherwise, denied (inclusive of all subparagraphs).

3. Denied.

4. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

5. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

6. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

7. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

8. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

9. Admitted only that TCG is a limited liability company, existing under the laws of the State of Delaware; otherwise, denied.

10. Admitted only that TJEM is a corporation, existing under the laws of the State of Florida, who collects debts within Seminole County, Florida; otherwise, denied.

11. Denied.

12. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

13. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

14. Admitted only that TJEM uses interstate mail while engaging in the collection of checks returned to TJEM's clients as unpaid; otherwise, denied.

15. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

16. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

17. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted only that TJEM was a party to an agreement with the City for providing the City with check acceptance services; otherwise, denied.

23. Admitted only that Plaintiff's Check was issued to the City in the amount of $213.25, on or about October 10, 2013; otherwise, Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

24. Admitted.

25. Admitted only that TJEM attempted to collect the balance of Plaintiff's Check, together with certain costs and charges authorized by law; otherwise, Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

26. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

27. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

28. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

29. Admitted only that TJEM sent Plaintiff a collection letter; otherwise, denied.

30. Admitted.

31. Admitted.

32. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

33. The exhibit to the Amended Complaint speaks for itself; otherwise, denied (inclusive of all subparagraphs).  Specifically denied that Defendants or the exhibit violated the FDCPA.

34. Denied.

35. The exhibit to the Amended Complaint speaks for itself; otherwise, Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

36. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

37. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

38. Denied.

39. Denied.

40. Admitted.

41. Denied.

42. Denied.

43. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph.

44. Admitted that Plaintiff has brought the action as a class and defines the alleged class, but denied that a class may be properly certified under Federal Rule of civil Procedure 23.

45. Admitted that Plaintiff has brought the action as a class and defines the alleged sub-class, but denied that a class may be properly certified under Federal Rule of civil Procedure 23.

46. Admitted that Plaintiff has brought the action as a class and defines the alleged class, but denied that a class may be properly certified under Federal Rule of civil Procedure 23.

47. Admitted that Plaintiff has brought the action as a class and defines the alleged sub-class, but denied that a class may be properly certified under Federal Rule of civil Procedure 23.

48. Admitted that Plaintiff uses the definitions in this paragraph in the remainder of the Amended Complaint.

49. Admitted that Plaintiff excludes certain affiliates of Defendant from the Classes; otherwise, denied.

50. Denied.

51. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

52. Denied.

53. Denied.

54. Denied (inclusive of all subparagraphs).

55. Denied.

56. Denied.

57. Admitted only that such determinations must be made, but denied that Defendants or the collection letters violate the FDCPA.

58. Admitted only that such determinations must be made, but denied that Defendants or the collection letters violate the FDCPA.

59. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

60. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denied.

61. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph.

62. Denied (inclusive of all subparagraphs).

63. Admitted that 15 U.S.C. § 1692k says what it says; otherwise, denied.

64. Admitted that 15 U.S.C. § 1692k says what it says; otherwise, denied.

65. Admitted that 15 U.S.C. § 1692k says what it says; otherwise, denied.

66. Admitted that 15 U.S.C. § 1692k says what it says; otherwise, denied.

## COUNT ONE

67. Denied.

68. The case citations speak for themselves; otherwise denied.

69. The case citations speak for themselves; otherwise denied.

70. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

71. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

72. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

73. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT TWO

75. Denied.

76. Denied.

77. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

78. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

79. Denied.

80. Denied.

## COUNT THREE

81. Denied.

82. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

83. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

84. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.Denied.

85. The exhibit to the Amended Complaint speaks for itself; otherwise, denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## **COUNT FOUR**

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## **COUNT FIVE**

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

## **COUNT SIX**

100. Admitted only that Plaintiff, for himself and Class Members, seeks a declaration that Defendants violated the FCCPA and an injunction, but denied that Defendants violated the FCCPA or that an injunction may be entered.

101. Admitted only that this count seeks certain determinations; otherwise, denied.

102. Defendants are without knowledge sufficient to determine the veracity of the allegations contained in this paragraph.

103. Denied.

104. Denied.

105. Denied (inclusive of all subparagraphs).

106. Denied.

107. Denied.

## COUNT SEVEN

108. Denied.

109. Denied.

110. Denied (inclusive of all subparagraphs).

111. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

TJEM asserts, without admitting any liability whatsoever, that TJEM is entitled to a set-off from any recovery made by the Plaintiff of any debt(s) which the Plaintiff owes to TJEM.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendants.

### JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

Respectfully submitted by:

*/s/ Richard B. Weinman*
Richard B. Weinman
Florida Bar No. 0231370
**Winderweedle, Haines, Ward & Woodman, P.A.**
390 N. Orange Ave, Suite 1500

Orlando, FL 32801
Telephone: (407) 423-4246
Facsimile: (407) 423-7014
rweinman@whww.com
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on December 12, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Ian Richard Leavengood, Lead Trial Counsel
J. Andrew Meyer, Esq.
Gordon Tyler Bannon, Esq.
Aaron M. Swift, Esq.
Leavengood, Nash, Dauval & Boyle, PA
3900 First Street N, Suite 100
St. Petersburg, FL 33703
Attorneys for Plaintiff